## No. 10,825.

### GILLETT, RECEIVER, *v.* PATTERSON.

Decided January 7, 1924. Rehearing denied February 4, 1924.

Action by stockholder in a national bank for the cancellation of his note given in payment of an assessment against his stock, made by the board of directors. Judgment for plaintiff.

### *Reversed.*

### *On Application for Supersedeas.*

1. BANKS AND BANKING—*National Banks—Stockholders—Assessments.* This case ruled by the opinion in *Gillett, Receiver v. Moore,* 74 Colo. 484.

*Error to the District Court of Logan County, Hon. L. C. Stephenson, Judge.*

Mr. T. E. MUNSON, for plaintiffs in error.

Mr. W. MABRY KING, Messrs. COEN & SAUTER, for defendant in error.

*En banc.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

FOR a full statement of the facts of this case reference is made to *Gillett, Receiver, etc. v. Moore,* 74 Colo. 484, 223 Pac. 21. The only difference between that case and this is that in the Moore Case the promissory note, which he gave for the invalid assessment on his shares, was paid by him to the bank before the receiver was appointed, while in this case the note which Patterson, before the receiver was appointed, gave for the assessment on his shares, has not been paid at all, but it came into the possession of the receiver as a part of the assets of the insolvent bank. In this case the findings were for the plaintiff and

the decree, following the prayer of the complaint, required the receiver to return and surrender into the registry of the court Patterson's promissory note, and that, upon its surrender, the clerk of the district court was ordered to cancel the same and the defendants were restrained and enjoined from collecting, negotiating or disposing of it in any manner, save in compliance with the decree of the court. The supposed equities in these two cases may, or may not, be exactly the same, but there is no difference in principle as to the applicable rule of law. If Moore, having paid his note, may not, as we have decided, recover, or establish, the amount of it as a preferred claim against the assets in the hands of the receiver, but only as a claim, to be satisfied, if at all, out of those remaining after all general creditors, including depositors, are paid in full, Patterson's unpaid note, that came into the hands of the receiver as a part of the assets of the insolvent bank, may not be cancelled, or the receiver enjoined from collecting or enforcing it against the maker. The decision of the former case governs here.

The application for *supersedeas* is denied and the judgment of the district court is reversed and the cause is remanded, with directions to the lower court to vacate the same, and, in lieu thereof, to render a judgment in favor of the plaintiff against the bank for the amount of his note, to be paid by the receiver, if at all, only out of the remaining assets, if any, after all the general creditors, including the depositors, are paid in full, and ratably out of such remaining assets with other paying shareholders of such invalid assessments, if any, as against, and in preference to, the non-paying shareholders.